450 S.E.2d 802

**Bert Gregory FOUTTY, Plaintiff Below, Appellee,**

v.

**Mark H. PORTERFIELD and Dewey D. Porterfield, Administrators of the Estate of Norma F. Porterfield, Defendants Below, Appellees,**

**State Farm Mutual Automobile Insurance Company, Defendant Below, Appellant.**

**No. 22095.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 27, 1994.

Decided Nov. 2, 1994.

Charles E. Hurt, Charleston, for appellee, Bert Gregory Foutty.

Stephen P. McGowan, Mark E. Kinley, Marc B. Lazenby, Steptoe & Johnson, Charleston, for appellant.

PER CURIAM:

In this case, the appellant, State Farm Mutual Insurance Co. (State Farm), argues that the Circuit Court of Kanawha County erred in reversing a jury verdict in its favor. The court ordered a new trial because it inadvertently read to the jury State Farm's Instruction No. 9, which earlier had been refused by the court. This instruction ad-

vised the jury that if the plaintiff knowingly purchased $25,000.00 of uninsured motorist coverage for each vehicle and did not complain after receiving documentation from the insurer which indicated these policy limits, the plaintiff could not claim that he thought he had purchased a higher amount of uninsured motorist coverage.

In the underlying case, the appellee, Mr. Foutty, had sued the Porterfields for personal injuries arising from an automobile accident which occurred in December, 1988. The Porterfields had no automobile liability insurance, and State Farm undertook their defense as Mr. Foutty's uninsured motorist carrier. A question arose as to the amount of uninsured motorist coverage that was available under the State Farm policy. Mr. Foutty amended the complaint to seek a declaratory judgment on this issue.

The policy coverage questions centered on whether State Farm had complied with syllabus points 1 and 2 of *Bias v. Nationwide Mutual Insurance Co.*, 179 W.Va. 125, 365 S.E.2d 789 (1987), which states:

> 1. Where an offer of optional coverage is required by statute, the insurer has the burden of proving that an effective offer was made, and that any rejection of said offer by the insured was knowing and informed.
>
> 2. When an insurer is required by statute to offer optional coverage, it is included in the policy by operation of law when the insurer fails to prove an effective offer and a knowing and intelligent rejection by the insured.

The circuit court impaneled an advisory jury for the declaratory judgment trial.[1] Mr. Foutty testified that State Farm had mailed him applications for insurance coverage on two cars, a 1982 Oldsmobile and a 1987 Mercury, both of which had previously been insured by State Farm. He stated that the applications were not filled out when he received them and, in particular, he did not write in the numbers "25/50/25"[2] which ap-

---

1. Rule 39(c) of the West Virginia Rules of Civil Procedure states, in part, that "In all actions not triable of right by a jury, the court upon motion of its own initiative may try any issue with an advisory jury...."

2. The term 25/50/25 refers to insurance coverage with limits of $25,000 bodily injury per person, $50,000 bodily injury per occurrence and $25,000 property damage per occurrence.

peared on both the forms in the uninsured section of the application. He testified that he was never advised by the State Farm agent that he could obtain $100,000/300,000 uninsured and underinsured coverage, nor was he told that such coverage was recommended. Mr. Foutty also testified that when the State Farm policies were mailed back to him, he did not look at the declaration page of the policies. Consequently, he did not notice that the amount of uninsured motorist coverage was only $25,000/50,000/25,000.

Robert Marshall was the State Farm agent who insured Mr. Foutty for many years. Mr. Marshall testified that Mr. Foutty's applications for insurance were mailed to him by State Farm, and that when they were mailed, the applications were completed and showed the amount of insurance coverage, including uninsured motorist coverage. He also stated that before the applications were mailed, he would discuss the various insurance coverages and their amounts with Mr. Foutty over the telephone. Mr. Foutty would then sign the applications and return them to State Farm. The actual insurance policy would subsequently be sent to Mr. Foutty, with the coverage limits indicated on the policy.

This particular issue was the focus of State Farm's Instruction No. 9, which addressed Mr. Foutty's failure to read the declaration page of the policies and to complain to State Farm about the uninsured motorist coverage.[3] As we noted earlier, without a great deal of elaboration, the circuit court rejected this instruction. However, when instructions were read to the advisory jury, this instruction was inadvertently read to the jury.

In *Bias, supra*, we explained the requirements of W.Va.Code, 33–6–31(b), with respect to uninsured and underinsured motorist coverage. At that time, the statute required that motorists purchase a mandatory minimum amount of uninsured motorist coverage. It also required an insurance company to extend options to the insured to purchase increased amounts of uninsured or underinsured motorist coverage by paying additional premiums. The higher dollar amount of uninsured motorist coverage was automatic unless waived in writing by the insured.[4] Although we found no requirement in W.Va. Code, 33–6–31(b) that underinsurance coverage be waived in writing, we concluded in *Bias* that the insurer had failed to make an effective offer of the optional underinsured motorist coverage that was available under the statute, and such coverage was therefore included in the policy by operation of law. 179 W.Va. at 127, 365 S.E.2d at 791.[5]

In the case now before us, however, the contested instruction did not relate to the effectiveness of the insurer's offer of additional underinsured motorist coverage. Rather, it dealt with a collateral question of Mr. Foutty's actual knowledge of the coverage he purchased through the receipt of the two insurance policies which stated the limits of the underinsured and uninsured motorist coverage. Although Instruction No. 9 was not a model of clarity, it did cover a relevant issue as to whether knowledge of the actual coverage could be implied from the policies. The instruction was not a binding instruction and clearly fell within the limits set out in syllabus point 3 of *Jordan v. Bero*, 158 W.Va. 28, 210 S.E.2d 618 (1974):

**3.** State Farm's Instruction No. 9 states:
    In considering whether or not the plaintiff, Bert Foutty, knowingly agreed to purchase uninsured motorist coverage in the amount of 25/50/25 from State Farm Mutual Automobile Insurance Company, you may take into account what documentation, if any, Mr. Foutty received from State Farm indicating the amount of uninsured motorist coverage he had purchased, and whether after receiving such documentation Mr. Foutty ever complained to State Farm or Robert Marshall that the amount of uninsured motorist coverage indicated was incorrect.
    If you find Mr. Foutty knew from the document he received from State Farm that his

uninsured motorist coverage was 25/50/25 and that he nevertheless failed to complain either to State Farm or its agent, Robert Marshall, about the amount of uninsured motorist coverage, then you may return a verdict in favor of the defendant, State Farm Mutual Automobile Insurance Company.

**4.** This waiver provision is not in the current provision of W.Va.Code, 33–6–31(b) (1988).

**5.** We note that W.Va.Code, 33–6–31d (1993), appears to have altered the *Bias* case by setting out in detail how the offer of uninsured and underinsured motorist coverage should be made.

"If an instruction given to the jury is not a binding instruction and some element is omitted in the instruction which should have been included, it is not reversible error to give such instruction if other instructions given by the court contain or include such omitted element." Syllabus point 5, *Lancaster v. Potomac Edison Company of West Virginia*, 156 W.Va. 218, 192 S.E.2d 234 (1972); syllabus point 7, *Lawrence v. Nelson*, 145 W.Va. 134, 113 S.E.2d 241 (1960).

This is particularly true when we also consider the detailed instruction given by the plaintiff as to the insurance carrier's duty to inform Mr. Foutty of optional uninsured motorist coverage.[6] Moreover, the advisory jury was also given, without any objection, two interrogatories which specifically dealt with the effectiveness of the offer of uninsured motorist coverage and the plaintiff's rejection of the offer.[7]

Consequently, we conclude that the trial court erred in granting the plaintiff a new trial. On remand a judgment should be entered in favor of State Farm.

Reversed and remanded with directions.

BROTHERTON, C.J., did not participate.

MILLER, Retired J., sitting by temporary assignment.

---

6. Plaintiff's Instruction No. 2 stated:

> The Court instructs the jury that Chapter 33, Article 6, Section 31 of the West Virginia Code, provides that all policies of insurance issued in the State of West Virginia during the period of time in question in this case shall provide an option to the insured with appropriately adjusted premiums to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle up to an amount of $100,000.00 because of bodily injury to or death of one person in any one accident, and, subject to said limit for one person, in the amount of $300,000.00 because of bodily injury to or death of two or more persons in any one accident, and in the amount of $50,000.00 because of injury to or destruction of property of others in any one accident, unless the insured waives such coverage in writing; and the writing signed by the insured shall contain the following language:

> The Commissioner of the Department of Motor Vehicles of the State of West Virginia has determined that there are many operators of motor vehicles in and out of the State who do not have liability insurance. For this reason uninsured motorist coverage is recommended to each and every West Virginian.

> You are further instructed that State Farm Mutual Automobile Insurance Company has the burden of proving that an effective offer to the plaintiff, Foutty, of such optional insurance coverage was made and that any rejection of said offer by plaintiff, Foutty, was knowing and informed, that such offer made by State Farm, if any, must have stated in definite, intelligible and specific terms the nature of the coverage offered, the coverage limits and the costs involved.

> Therefore, should you find that State Farm did not prove by a preponderance of the evidence that an effective offer was made to the plaintiff, Foutty, and that plaintiff, Foutty, knowingly and intelligently then rejected the offer, then such optional coverage is included in the policy issued by State Farm to the plaintiff, Foutty, by operation of law.

The language of this instruction was drawn from W.Va.Code, 33–6–31(b) (1982), which was amended before the *Bias* case to exclude the language which referred to the recommendation of the Commissioner of Motor Vehicles. As stated in Note 3, *supra*, W.Va.Code, 33–6–31d (1993) has now changed the manner in which optional uninsured and underinsured motorist coverage should be offered.

7. Interrogatories 2 and 3, and the jury's answers, were:

> 2. Did State Farm Mutual Automobile Insurance Company, through its agent, make an effective offer unto the plaintiff of uninsured motorist coverage stating in definite, intelligible and specific terms, the nature of the coverage offered to plaintiff, the limits of the coverage offered, and the costs involved of the coverages offered?
>
> Yes  X
>
> 3. If State Farm Mutual Automobile Insurance Company did make an offer unto the plaintiff of uninsured motorist coverage stating in definite, intelligible specific terms, the nature of the coverage offered, the coverage limits and the costs involved, did the plaintiff, Foutty, make a knowing and informed rejection of said offer?
>
> Yes  X

Interrogatory No. 1 dealt with whether there was a valid policy on a truck owned by Mr. Foutty. State Farm had presented evidence that the policy was cancelled because of the failure to pay premiums. The jury answered this interrogatory as "No." This issue had nothing to do with the matters contained in Instruction No. 9.